## Ex Parte Fernández.

Apelación procedente de la Corte de Distrito de San Juan.

No. 73.—Resuelto en mayo 12, 1904.

Dominio—Escrito Inicial—Título Escrito.—El medio supletorio que establece la Ley Hipotecaria para acreditar el dominio mediante información, sólo puede ser utilizado por los que carezcan de título escrito de dominio, por lo que es necesario consignar esta circunstancia en el escrito inicial promoviendo el expediente.(*)

Id.—Pruebas.—Las reglas de prueba establecidas en la Ley de Enjuiciamiento Civil son aplicables a los expedientes de dominio, debiendo el tribunal apreciar con un criterio racional las pruebas que se aduzcan sobre la adquisición del dominio.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan a instancia del Abogado Don Emigdio S. Ginorio, a nombre de Don Jacinto Fernández Encarnación, sobre declaratoria de dominio de una finca rústica, pendiente ante nos a virtud del recurso de apelación interpuesto por el promovente contra la sentencia pronunciada por el referido tribunal de distrito, la que copiada a la letra dice así:

"Puerto Rico, junio 18 de 1903.

"*Resultando*: que en escrito de 28 de noviembre de 1902, Don Emigdio S. Ginorio, abogado, a nombre de Don Jacinto Fernández Encarnación, promovió ante este tribunal expediente para acreditar el dominio de una finca rústica de 142 cuerdas radicadas en el barrio de 'Carruzos' de la Carolina, compuesta de nueve parcelas compradas a distintas personas.

"*Resultando*: que en dicho escrito no se expresa si el promovente carece de título escrito de dominio.

"*Resultando*: que los testigos presentados por el promovente declaran constarles 'en conjunto' los hechos consignados en el expresado escrito, así como la posesión quieta, pacífica y sin interrupción de Fernández en el terreno objeto del expediente.

"*Considerando*: que sólo es procedente acudir al medio supletorio de acreditar el dominio, mediante información, cuando el promovente

carezca de título escrito de dominio, por lo que la consignación expresa de esta circunstancia es indispensable para que el expediente prospere.

"*Considerando*: que las reglas de prueba establecidas en la ley de Enjuiciamiento Civil son aplicables a los expedientes de dominio y no es posible atribuir verdadero valor probatorio a las declaraciones de testigos que no declaran sobre hechos específicos y concretos, sino acerca de una serie de hechos distintos los unos de los otros, cuales son las nueve adquisiciones de parcelas componentes de la finca objeto de este expediente, tanto más cuanto que, los expresados testigos, no dan la razón de su dicho. (*)

"*Considerando:* que el tribunal debe apreciar con un criterio racional las pruebas que de la adquisición del dominio se ofrezcan.

"*Vistos* los artículos de aplicación de la Ley Hipotecaria y de Enjuiciamiento Civil. No ha lugar a declarar el dominio que se interesa. Así lo acordaron y firman los jueces del tribunal. Certifico: Juan Morera Martínez, Frank H. Richmond, José Tous Soto. Luis Méndez Vaz."

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos a esta Superioridad, con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, a que sólo asistió el Sr. Fiscal de este Tribunal Supremo que impugnó el recurso.

Abogado del apelante: *Sr. Emigdio S. Ginorio.*

Abogado del Pueblo: *Sr. Emilio del Toro, Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Fallamos*: que debemos confirmar y confirmamos la expresada sentencia, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.